IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-429-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AARON TRUJILLO | ) | |

This cause is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the motion is denied.

## BACKGROUND

On February 12, 2020, defendant pleaded guilty to possession of contraband in prison, in violation of 18 U.S.C. § 1791(b)(3). On May 14, 2020, this Court sentenced defendant to twelve months' imprisonment consecutive to his current sentence. Defendant is currently serving a 151-month California sentence for multiple bank robberies, which is set to end in September 2021. Defendant currently resides at FCI Fairton and has a projected release date of July 15, 2022.

Defendant filed the instant motion for compassionate release on January 8, 2021. Defendant suffers from chronic asthma and hypertension. He is also overweight and a former smoker. Defendant recently contracted COVID-19, and he was still suffering from pneumonia as of January 27, 2021. In his motion, he contends that his health conditions, in light of the COVID-19 pandemic, constitute an extraordinary and compelling reason warranting compassionate release.

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule is compassionate release. Prior to the passage

of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the BOP. Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in sentence or (2) a defendant who is serving a life sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). A reduction under either section must be consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* at (c)(1)(A). When reducing a term of imprisonment via compassionate release, a court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.*

Congress has directed the United States Sentencing Commission to promulgate policy statements describing "what should be considered extraordinary and compelling reasons" for sentence reductions. 28 U.S.C. § 944(t). As of now, however, there is no applicable policy statement governing compassionate-release motions filed by defendants pursuant to § 3582(c)(1)(A) as recently amended. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). Therefore, district courts may consider "*any* extraordinary and compelling reason for release that a defendant might raise." *Id.* (citing *United States v. Booker*, 976 F.3d 228, 230 (2d Cir. 2020)). In addition to considering whether extraordinary and compelling circumstances are present, a court must further consider the 18 U.S.C. § 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(2).

---

[1] Pub. L. 115-391, 132 Stat. 5194.

Defendant argues that his health conditions constitute an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). The government states that defendant's history of smoking qualifies an "extraordinary" or "compelling" reason to justify consideration of defendant's compassionate release request in light of the COVID-19 pandemic, but it argues that the § 3553(a) factors weigh heavily against reducing defendant's sentence.

The Court agrees that the § 3553(a) factors caution against relief in this case. In addition to the conviction for the felony bank robbery charge he is currently serving, defendant has six previous convictions for felony bank robbery or felony unarmed bank robbery, as well as misdemeanor convictions for receiving stolen property, possession of a weapon, petty theft, and more. If defendant were released now, he would not have served any time for possessing the narcotic byprenorphine in prison, as he is still serving his California sentence. Having reviewed the record and considered the relevant factors, the Court finds that the sentence imposed remains sufficient but not greater than necessary to serve the purposes of sentencing enumerated in § 3553(a). Accordingly, the Court concludes that relief under 18 U.S.C. § 3582(c)(1)(A) is not warranted.

## CONCLUSION

Defendant's motion for compassionate release [DE 46] is DENIED. For good cause shown, defendant's motion to seal [DE 65] is GRANTED. Defendant's motion for summary judgment [DE 43] is DENIED as MOOT because defendant is no longer in state custody.

SO ORDERED, this ꟼ Ҝ day of February, 2021.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE